

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 8, 1939

Honorable W. E. Barron
County Attorney
Grimes County
Anderson, Texas

Dear Sir:

Opinion No. O-674
Re: Validity of city ordinance of
Navasota, Texas, prohibiting
erection of filling stations.

This will acknowledge receipt of your letter
of April 23, 1939, in which you submit for the opinion
of this Department the following question:

"Does a city or town acting by and
through its duly elected councilmen have the
authority and is it empowered under the sta-
tutes governing cities and towns to refuse to
issue a permit for the erection of a filling
station in a residential section of such city
or town?

"Does the governing body of a city or
town have authority under Articles 1011a to
1011f to designate special sections of the
city and prohibit the erection of certain kinds
of businesses, namely, filling stations, with-
out the adoption of a general zoning ordinance
and the appointment of a zoning commission as
required under Article 1011f?"

You attach to your inquiry, a copy of a zoning
ordinance passed by the governing body of the city of
Navasota, Texas, dated December 13, 1938, the purpose of

Hon. W. R. Barron, May 6, 1939, Page 2

which was to prevent the erection of filling stations within the city of Navasota except within certain designated areas.

Attached to your letter of May 5, 1939, is a supplemental statement of facts reading as follows:

"The city of Navasota, during the month of December, 1938, passed a zoning ordinance, a copy of which is attached to the original brief furnished you. The city council of the city of Navasota acting on a petition of some fifty citizens called a meeting for the purpose of passing the zoning ordinance and passed the same without the statutory fifteen days notice or without notice of any length to anyone.

"A public hearing was not had at the meeting at which the ordinance was passed.

"The city of Navasota had not prior to and has not since the passage of the zoning ordinance appointed a zoning commission as required by statute."

You conclude your supplemental statement of facts by asking the following question:

"Is the ordinance as passed by the city of Navasota a valid ordinance and does it meet the statutory and constitutional requirements?"

Articles 1011a to 1011j, both inclusive, constitute a city's power to adopt a comprehensive zoning law, and provide the manner of its adoption, and lays down the necessary prerequisites to its adoption.

Article 1011d, Revised Civil Statutes of Texas 1925, reads:

"The legislative body of such municipality shall provide for the manner in which

such regulations and restrictions and the
boundaries of such districts shall be deter-
mined, established, and enforced, and from
time to time amended, supplemented, or
changed. However, no such regulation, re-
striction, or boundary shall become effec-
tive until after a public hearing in rela-
tion thereto, at which parties in interest
and citizens shall have an opportunity
to be heard. At least 15 days' notice of
the time and place of such hearing shall
be published in an official paper, or a paper
of general circulation, in such municipality."

Article 1011f, Revised Civil Statutes of Texas
1925, reads:

"In order to avail itself of the powers
conferred by this Act (Arts. 1011a-1011j),
such legislative body shall appoint a com-
mission, to be known as the zoning commission,
to recommend the boundaries of the various
original districts and appropriate regula-
tions to be enforced therein. Such com-
mission shall make a preliminary report and
hold public hearings thereon before sub-
mitting its final report, and such legisla-
tive body shall not hold its public hearings
or take action until it has received the final
report of such commission. Where a city
plan commission already exists, it may be
appointed as the zoning commission."

It is clear that the above mentioned require-
ments as to notice, length of time required for such
notice and hearing thereon are mandatory upon the govern-
ing body of a municipality.

The court, in the case of Peters, Mayor et al
vs. Gough et al, 85 SW 2nd 515, in discussing the require-
ments of the above mentioned statutes said:

"These statutory requirements are intend-
ed for the protection of the property owner

and are his safeguards against an arbitrary
exercise of the power granted by the statute.
Hence it would appear that such preliminary
steps required by the statute are essential
to the exercise of such jurisdiction. The
failure of the council to give the statutory
notice of the public hearing prior to the
adoption of the ordinance renders the ordin-
ance invalid."

Accepting as true, the facts contained in your
statement of facts hereinabove quoted, it is the opinion
of this Department and you are so advised, that the or-
dinance in question is invalid for want of proper notice
and opportunity for hearing thereon. Having so answered
your third question, it becomes unnecessary for us to
further discuss your questions Nos. 1 and 2.

Trusting that this satisfactorily answers your
inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS